FELIPE PIERALDI CEDEÑO, recurrente, *v.* EL REGISTRADOR DE SAN GERMÁN, recurrido.

No. 657.—*Sometido:* Noviembre 2, 1926.  *Resuelto:* Noviembre 23, 1926.

EXPEDIENTES POSESORIOS—CONVERSIÓN DE LA INSCRIPCIÓN POSESORIA EN INSCRIPCIÓN DE DOMINIO—PRESCRIPCIÓN DEL TÉRMINO ESTATUTORIO—INTERRUPCIÓN DE LA PRESCRIPCIÓN.—Inscrita indivisa una finca parte en posesión a favor de dos personas, é inscrito asimismo legado que de sus bienes todos una de ellas hizo sujeto a condición que, de cumplirse, el legatario, adquiriría el dominio pleno de dichos bienes, la no realización de dicha condición—la de tener descendencia—impide se verifique a favor de los herederos del otro condómino la conversión a que se refiere la Ley No. 21 de 1923 (Leyes de 1923 (1), p. 217) por existir la interrupción de la prescripción del término que dicha ley prescribe.

NOTA de *Luis Capó Matres*, R. (San Germán), denegando conversión de inscripción posesoria en inscripción de dominio.  *Confirmada.*
*José Tous Soto*, abogado del recurrente; el *Registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Felipe Pieraldi Cedeño presentó al Registro de la Propiedad de San Germán cierta escritura en la que hace constar su solicitud como condueño de una finca rústica para que se convierta en inscripción de dominio la inscripción posesoria de una parte de dicha finca, por haber transcurrido más de veinte años de la fecha en que se inscribió la posesión sin que ésta se haya interrumpido en modo alguno.

El registrador denegó la conversión solicitada en nota de octubre 8, 1926, puesta al pie del documento, en la que simplemente consigna su negativa por los mismos motivos indicados en su nota de septiembre 16, 1926.  Esta nota dice así:

"DENEGADA la conversión de posesión en dominio de la finca que se describe en el precedente documento, que es una copia de la escritura No. 121 otorgada en la ciudad de Ponce a 19 de julio de 1926 ante el Notario José Tous Soto, por cuanto de los datos antecedentes e inscripciones existentes en los Libros de este Registro tenidos a la vista, resulta claramente que la finca de que se trata en su historial inscrito, aparece que lo fué en común pro indiviso a favor de Fe-

lipe Pieraldi y Graciani y de Francisco Pieraldi y Bianchi, parte en dominio y parte en posesión y bajo tales condiciones fué inscrito el condominio que en la citada finca tenía el expresado Felipe Pieraldi y Graciani según resulta de la inscripción 2ª de la finca No. 599, obrante al folio 123 del tomo 12 de Yauco. En los conceptos antes indicados, los precitados Francisco Pieraldi y Bianchi y Felipe Pieraldi y Graciani poseían la finca que se componía de 289 cuerdas 25 céntimos, en dominio, y, en posesión 118 cuerdas 19 céntimos, cuya finca más tarde por otras agrupaciones que se le hicieron aumentó a un total de quinientas cuerdas cincuenta céntimos. Así las cosas Felipe Pieraldi y Graciani, por y en virtud de la disposición testamentaria bajo la cual falleció el día 25 de abril de 1919, legó a su hija adoptiva María Bertha Pieraldi, el usufructo de todos sus bienes mientras no tuviese hijos, pero que una vez que los tuviese, quedaría en plena posesión de todos dichos bienes, de los que podría disponer como legítima y universal heredera, y que para el caso de que falleciera sin tenerlos entonces los bienes legados a ella, pasarían al poder de las otras personas que el mismo testador nombró en dicho testamento como sustitutas en tal caso de la legataria; todo en la forma y cuantía expresada en dicho testamento. Esa condición resolutoria aparece aún incólume, sana, viva, sin detrimento y con ella adquirió Bertha María Pieraldi el condominio que en esa finca tenía el causante Felipe Pieraldi y Graciani, pues no existe en el Registro verificada operación alguna que haya hecho desaparecer tal condición resolutoria, por no haber sido ésta cumplida en ningún concepto. Resulta de esas inscripciones que Bertha María Pieraldi sólo fué instituída heredera por su causante solamente en aquellos momentos en el usufructo de sus bienes sujeta a la condición ya dicha, de tener hijos, bajo cuyas circunstancias cambiaba su situación de usufructuaria a las de dueña por realizarse el acontecimiento de su maternidad y como tal cosa no se ha comprobado, tenemos que seguir sosteniendo por imperio de Ley la virtud de esa condición resolutoria de tan respetable trascendencia, tal y como está constituída por voluntad del testador. No empece, que esa parte indivisa de finca o el condominio que en la misma tenía Bertha María Pieraldi por causa de tal legado, haya sido trasmitido bajo cualquier circunstancia a otra u otras personas tales trasmisiones llevaron consigo siempre el defecto subsanable que está anotado en la inscripción antes referida y otras subsiguientes. Ese condominio fué inscrito a favor de la legataria indicada arrastrando tal condición y se ha seguido consignando en todas las inscripciones sucesivas y en los títulos que la motivaron, sin que contra tal defecto apun-

tado se interpusiera recurso alguno sino que demuestra haber sido aceptado tácitamente por todos los interesados. Esa condición impide por las razones expuestas que se verifique tal conversión por quedar interrumpida, y por tanto se deniega la conversión solicitada. . . . .''

Los documentos complementarios que se mencionan en la nota de octubre 8, 1926, y que se presentaron con la escritura al registrador, no aparecen unidos al récord. No tenemos más base para la consideración de este recurso que las manifestaciones del recurrente contenidas en dicha escritura y la nota del registrador.

El recurrente funda su recurso acogiéndose a lo dispuesto en el artículo 441 del Reglamento para la ejecución de la Ley Hipotecaria, tal como quedó enmendado por la ley No. 21, aprobada en julio 7, 1923. La enmienda consistió principalmente en haberse adicionado a dicho artículo lo siguiente:

"*Disponiéndose,* que cuando hubieren transcurrido más de veinte años desde la fecha de la inscripción de posesión y no existiere en el registro nota que indique que la prescripción ha sido interrumpida durante dicho término de veinte años, el registrador convertirá dicha inscripción de posesión en inscripción de dominio, por medio de nota marginal, a solicitud del propietario del inmueble que aparezca con su derecho inscrito, consignada dicha solicitud en escritura pública.''

La nota del registrador explica la situación del registro de todo lo concerniente a los condominios que pertenecían a Felipe Pieraldi y Graciani en la finca objeto del recurso. Todos los bienes del causante Pieraldi y Graciani fueron legados por éste en usufructo a su hija adoptiva María Bertha Pieraldi, a quien pasarían en pleno dominio en caso de que llegara a tener hijos, según condición que le impuso el testador. Estamos conformes con el recurrente que se trata de una condición suspensiva y no resolutoria. Como no puede saberse ciertamente si la legataria tendrá hijos, la incertidumbre de que se realice tal suceso le da el carácter de condición que deja en suspenso el legado en cuanto

a la adquisición del pleno dominio mientras no se sobrevenga el acontecimiento de que depende. Pero la naturaleza de la condición no hace diferencia. Según se desprende de la nota del registrador, consta inscrito el legado en la forma dispuesta por el testador y luego se han hecho transmisiones del condominio de la finca a que se refiere este recurso sujetas a tal condición. Si ésta se cumple o el acontecimiento llega de que la legataria tenga descendencia, se había de operar, *ipso jure,* un cambio en el registro, adquiriendo ella el pleno dominio de los bienes de su causante, que estaría abiertamente en conflicto con la solicitud del recurrente si la conversión que ella implica llegase a inscribirse. No hay duda, pues, que existe la interrupción de la prescripción que indica el registrador en su nota y que de todos modos el estado del registro creado con la inscripción del legado no puede alterarse sin el consentimiento de la legataria o una declaración judicial, *ex officio judice,* que estableciera la imposibilidad física de realizarse la condición o acreditarse en todo caso la defunción de la legataria sin dejar prole.

*Por todo lo expuesto, debe confirmarse la nota recurrida.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.